a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID FURTADO GRAY,<br>Petitioner | CIVIL DOCKET NO. 1:19-CV-1519-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner David Furtado Gray ("Gray") (#31896-037). Gray is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Gray challenges his conviction of murder in aid of racketeering activity.

Because Gray cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. **Background**

Gray was convicted of murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1), and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Gray was sentenced to life imprisonment. *United States v. Gray*, 137 F.3d 765, 767 (4th Cir. 1998). His conviction and sentence were affirmed. *Id*; *cert. denied*, 525 U.S. 866 (1998).

Gray filed a motion to vacate under § 2255, which was denied. *See United States v. Gray*, Nos. 95-CR-364; 99-CV-575 (D. Md. Mar. 23, 2000, Feb. 8 & 27, 2001).

The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability. *United States v. Gray*, 10 F. App'x 180 (4th Cir. 2001).

Later, the Fourth Circuit granted Gray authorization to file a second or successive § 2255 motion because Gray made a *prima facie* showing that a new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), may apply to his case. *In re: David Furtado Gray*, 16-9118, 4th Cir.; ECF No. 8. Gray filed the new § 2255 motion challenging his conviction under § 924(c). *See Gray*, No. 95-CR-364; ECF No. 128. The motion was denied because the crime of violence underlying the § 924(c) conviction—first degree murder in aid of racketeering—qualified as a violent crime under the "force" clause of § 924, rather than the "residual" clause. *Id.* at ECF No. 141. Certificate of appealability was denied. *Id.* at ECF Nos. 141, 151.

In 2019, Gray filed a Motion to Reduce Sentence under the First Step Act, which remains under advisement pending review by the public defender. *Id.* at ECF No. 150.

In his § 2241 Petition, Gray alleges that he is "imprisoned under a criminal statute that is contrary to the protection of the United States Constitution. . . ." ECF No. 1-2 at 2. Gray arugues that the court lacked jurisdiction to convict him. *Id.* at 3.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Because Gray challenges the jurisdiction of the court and legality of the statute of which he was convicted, his claim must be raised under § 2255. Gray has previously filed two § 2255 motions, so he cannot file another § 2255 motion without authorization from the appellate court.

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack*, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

To satisfy the savings clause of § 2255, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904.

Gray has not alleged that he meets any of the requirements of the savings clause. In fact, Gray states that he cannot meet the standard for authorization to file a second § 2255 motion. ECF No. 1-2 at 3. An unsuccessful attempt or inability to receive authorization to file a successive § 2255 motion does not entitle Gray to proceed with a § 2241 petition. *See Kinder v. Purdy*, 222 F.3d 209, 213 (relief is not available in a § 2241 petition under the savings clause based on petitioner being barred from filing a § 2255 motion).

## III.  Conclusion

Because Gray cannot meet the requirements of the savings clause of § 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Gray's claim.[1]

---

[1] *Pack*, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 30th day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE